UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ISAAC L. SMITH, | : | |
| Plaintiff, | : | CIVIL NO. 3:03CV00471(DJS) |
| v. | : | |
| JOHN E. POTTER, POSTMASTER GENERAL OF THE UNITED STATES, | : | |
| Defendant. | : | NOVEMBER 24, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR,
IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 7(a) of the Local Rules of Civil Procedure, the Defendant in the above-captioned action hereby submits his memorandum of law in support of his motion for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. In the EEO affidavit made in the underlying administrative case, Plaintiff admits that his claimed disability was temporary and that he never asked for reasonable accommodation. These admissions are fatal to this civil action.

If the Court determines that the material relied on this motion is not part of the pleadings, Defendant moves in the alternative for summary judgment as to the entirety of the Complaint.

**I. BACKGROUND**

This case was brought by Plaintiff pursuant to the Rehabilitation Act of 1972, 29 U.S.C. §§ 504 et seq. He alleges

disability-based employment discrimination by the Postal Service. The five-sentence pro se Complaint states only that an EEOC Administrative Judge found against the plaintiff in an administrative case of disability discrimination and that the plaintiff is challenging that decision.  Complaint dated March 11, 2003 (EXHIBIT A).

The underlying administrative complaint, which is referred to in the Complaint, provides more information.  In it, Plaintiff alleges disability discrimination when Plaintiff was "terminated after being injured on the job." EEO Complaint dated March 8, 2001 (EXHIBIT B).  The narrative portion reads in its entirety:

> I was injured on-the-job 12/22/2000.  As of a result of the injurd [sic], my physical endurance was retarded. I sacrificed my breaks to make-up time.  On 01/02/01 Jennette Sargent terminated me for allegedly not making required time.

EXHIBIT B.

When an administrative complaint of discrimination is made in the federal sector, it is investigated by an impartial investigator who compiles sworn statements and documents.  29 C.F.R. § 1614.108 (2003).  Plaintiff provided the investigator a two-page, typewritten sworn affidavit.  EEO Investigative Affidavit (EXHIBIT C).  In the affidavit, Plaintiff identifies himself as a former PTF [part-time flexible shift] letter carrier for the Postal Service.  EXHIBIT C.

The affidavit contains two key admissions.  Plaintiff states

-2-

that he suffered an on-the-job injury to his left knee on December 22, 2000.  He states, "<u>This condition was temporary</u>." EXHIBIT C, ¶ 2 (emphasis added).  He describes discomfort and swelling he experienced but adds: "During this time I was working seven days per week and more than sixty hours per week.  This disability did affect my ability to perform the duties of a carrier.  <u>I did not request reasonable accommodations</u>." EXHIBIT C, ¶ 3 (emphasis added).

The decision of the EEOC Administrative Judge, referred to in the Complaint, provides additional background.  <u>See</u> Decision of Administrative Judge Kathleen Mearn Clarke, dated November 4, 2002 (EXHIBIT D).  Plaintiff was employed as a probationary letter carrier at the Stratford Branch Post Office in Stratford, Connecticut.  He was terminated during his 90-day probationary period.  EXHIBIT D at 1.

## II. LEGAL STANDARD

**A.    Standard of Review: Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) allows a party, "[a]fter the pleadings are closed but within such time as not to delay the trial, [to] move for judgment on the pleadings."  In reviewing such a motion, the district court must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in his favor.  ." <u>Grease Monkey Intern., Inc. v. Watkins</u>, 808 F. Supp. 111, 114 (D. Conn.

1992)(citing Madonna v. United States, 878 F.2d 62, 65 (2d Cir. 1989)). Judgment on the pleadings under Rule 12(c) may not be entered unless it appears beyond doubt that the nonmoving party can prove no set of facts in support of his claim which would entitle him to relief. Patel v. Searles, 305 F.3d 130, 135 (2d Cir. 2002)(citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).

**B.   Standard of Review: Summary Judgment**

Rule 12(c) provides that if matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). "A party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and 'designat[ing] specific facts showing that there is a genuine issue for trial.'" Amnesty America v. Town of W. Hartford, 288 F. 3d 467, 470 (2d Cir. 2002)(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). "The court must resolve all ambiguities and draw all inferences in favor of the non-moving party." Westinghouse Credit Corp. v. D'Urso, 278 F.3d 138, 145 (2d Cir. 2002).

However, "[a] dispute is not 'genuine' unless 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  <u>New York Stock Exchange, Inc. v. New York, New York Hotel LLC</u>, 293 F. 3d 550, 554 (2d Cir. 2002)(<u>quoting Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986).

### III. ARGUMENT

**A. PLAINTIFF'S ADMISSION THAT HIS KNEE INJURY WAS TEMPORARY MEANS HE IS NOT "DISABLED" WITHIN THE MEANING OF THE REHABILITATION ACT.**

To establish the first element of proof in his Rehabilitation Act claim, Plaintiff must show that he is "an individual with a disability" within the meaning of the Act. Ayn v. Runyon, 984 F. Supp. 80 (D. Conn. 1996). To do so, Plaintiff must establish that (i) he has a mental or physical impairment which substantially limits one or more of her major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment. 29 C.F.R. § 1630.2(g).[1]

Plaintiff claims to be disabled because of his on-the-job injury. Therefore, he must prove that the injury resulted in a physical impairment which substantially limits one or more of his major life activities. For purposes of this motion, the Postal Service assumes for the sake of argument that Plaintiff's alleged on-the-job knee injury at one time constituted a "physical impairment."

Major life activities are defined in the regulations as "caring for one's self, performing manual tasks, walking, seeing,

---

[1] In employment discrimination cases alleging violations of the Rehabilitation Act, the standards of the Americans with Disabilities Act ("ADA") apply for the purposes of determining whether the Rehabilitation Act has been violated. 29 U.S.C. § 794(d); 29 C.F.R. § 1614.203(b).

hearing, breathing, learning, and working." 29 C.F.R. § 1630.2(i). "Substantially limited" in the context of a major life activity means unable to perform the major life activity that the average person in the general population can perform or, in the alternative, that a claimant is significantly restricted as to the condition, manner or duration under which a person can perform a particular major life activity, as compared to the average person in the general population. 29 C.F.R. § 1630.2(j)(1).

Plaintiff's core allegation, which Defendant strenuously denies, is that he was terminated for sustaining an on-the-job injury and not performing adequately as a result. It should be noted that the source of a physical impairment, whether on-the-job or off-the-job, has no bearing on the application of the disability discrimination laws.

The key question in this case is the following: Given Plaintiff's admissions, was Plaintiff was substantially limited in a major life activity? The factors considered in determining whether an individual is substantially limited in a major life activity are the nature and severity of the impairment, the duration or expected duration of the impairment, and the permanent or long-term impact, or the expected permanent or long-term impact of or resulting from the impairment. 29 C.F.R. § 1630.2(j)(2); Toyota Motor Mfg. v. Williams, 534 U.S. 184, 195-

96, 122 S. Ct. 681, 690 (2002).

Plaintiff clearly states, under penalties of perjury: "My disability <u>was</u> a knee impairment.  I had this condition since December 22, 2000.  <u>This condition was temporary</u>."  EXHIBIT C, ¶ 2 (emphasis added).

Documents other than Plaintiff's statement confirm the temporary nature of the injury.  The day of the injury, Plaintiff refused medical attention, writing in his own hand the following note:

> To: Management
> 12/22/00
>
> I, Isaac Smith do not
> require medical attention
> for incident on 12/22/00,
> on the day in which
> I fell and injured left knee
>
> /s/ Isaac Smith

EXHIBIT E.

Upon medical examination the following day, Plaintiff was released to return to work without restriction.  In paragraph 4 of his affidavit, Plaintiff refers the investigator to the IHC (Industrial Health Care Co.) Injury Status Report dated December 23, 2000.  The IHC doctor cleared the Plaintiff to "Return to work, no limitations on 12/23/00," that same day.  EXHIBIT F. The worker's compensation Duty Status Report confirms this with specificity: the doctor approves Plaintiff's return to full-time,

8-hour/day work as of December 23, approving all of the physical work requirements of the plaintiff's job, including lifting/carrying up to 70 pounds, standing, walking, climbing, and kneeling.  EXHIBIT G.

Plaintiff himself reports, under oath, that despite discomfort he experienced, "[d]uring this time I was working seven days per week and more than sixty hours per week."  EXHIBIT C, ¶ 3.

Viewing the record in the light most favorable to Plaintiff, it is clear that his knee injury was, at most, a strain that was not substantial and, in his words, "temporary."  Therefore, his claimed physical impairment did not rise to the level of degree, permanence or chronicity that is required to constitute a substantial limitation of any recognized major life activity. Such transitory medical conditions, as a matter of law, do not rise to the level of "substantial impairments" under the Rehabilitation Act.

The leading case on this point in this district is Stronkowski v. St. Vincent's Med. Ctr., Civ. No. 3:94CV2175(AHN), 23 A.D.D. 1225, 1996 WL 684407 (D. Conn. Aug. 1, 1996)(ATTACHMENT 1).  Stronkowski suffered a back injury and was thereafter out of work for three months.  She was eventually cleared to return to work half-time, in order to accommodate daily physical therapy for rehabilitation.  The Court granted summary judgment for the

employer, holding as follows: "[T]emporary injuries, like Stronkowski's injury, without substantial limitations and permanent effects, do not warrant the protection of the ADA." Stronkowski, 1996 WL 684407 at *7 (ATTACHMENT 1).

In another case in this district, Lajeunesse v. Great Atlantic & Pacific Tea Co., the employee suffered an on-the-job injury to his shoulder which necessitated surgery. The surgery resulted in total disability for one month and substantial limitation for six more months. The Lajeunesse court held that, despite the residual eight percent disability to that shoulder, the plaintiff was not substantially limited because his disabling impairment was temporary. 160 F. Supp. 2d 324, 332 (D. Conn. 2001). See also Farrish v. Town of East Hartford, Civ. No. 3:97CV00294(EBB), 2000 WL 194691 at *1 (D. Conn. Feb. 8, 2000) (sudden, weeks-long absence due to onset of depression and anxiety is a temporary impairment not protected by the anti-discrimination laws)(ATTACHMENT 2), aff'd 2 Fed. Appx. 110 (2d Cir. 2001).

The Rehabilitation Act was intended to assure access to employment for workers who are "truly disabled, but genuinely capable." Stronkowski, 1996 WL 684407 at *7 (citations omitted). "It would debase this high purpose if the statutory protections available to those truly handicapped could be claimed by anyone whose disability was minor and whose relative severity of

impairment was widely shared." Id. (citations omitted). Plaintiff's own complaint documents contain his acknowledgment that his knee injury was temporary. It was not of the sort protected by the disability discrimination laws. Therefore, the Complaint should be dismissed in its entirety.

**B.    BY HIS OWN ADMISSION, PLAINTIFF NEVER MADE ANY REQUEST FOR REASONABLE ACCOMMODATION; THEREFORE, HE DOES NOT HAVE A COGNIZABLE CLAIM OF FAILURE TO ACCOMMODATE.**

The disability discrimination laws place an additional obligation on employers that does not apply in the Title VII contexts of race or sex: if an employee is disabled within the meaning of the law, his or her employer must provide "reasonable accommodation" in favor of an employee to account for the limitations of the disability. Failure to provide reasonable accommodation is a form of disability discrimination.

Even if, for the sake of argument, the plaintiff were assumed to be disabled within the meaning of the law, his claim of failure to accommodate is fatally flawed. Plaintiff's claim of failure to accommodate is the "main issue" in his claim of discrimination. EXHIBIT C, ¶ 5. Plaintiff states in his EEO affidavit, "She [the supervisor] should have allowed extra minutes to complete my route, . . ." EXHIBIT C, ¶ 5. However, he continues, "I did not ask for extra minutes, because two weeks earlier I confronted Ms Sargent and asked her about my performance, and she replied by stating that my performance was

very close to expectation and that I was very close to making it overall." EXHIBIT C, ¶ 5 (emphasis added). Moreover, Plaintiff plainly concedes, "<u>I did not request reasonable accommodations.</u>" EXHIBIT C, ¶ 3 (emphasis added).

When an employee fails to request reasonable accommodation, dismissal is warranted. <u>Felix v. New York City Transit Auth.</u>, 154 F. Supp. 2d 640, 656-57 (S.D.N.Y. 2001)(collecting cases). The Interpretive Guidance on the ADA, promulgated by the Equal Employment Opportunity Commission is instructive: "If an employee with a known disability is having difficulty performing his or her job, an employer may inquire whether the employee is in need of a reasonable accommodation. In general, however, it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed." 29 C.F.R. Part 1630, App., § 1630.9 (2003).

The purpose of the request requirement is notice: an employer cannot be said to have acted or failed to accommodate because of a disability if there is no knowledge of the disability or need for accommodation. <u>Felix v. New York City Transit Auth</u>., 154 F. Supp. 2d at 657. The notice requirement prevents an employee from keeping her disability a secret and suing later for failure to accommodate. <u>Id</u>.

In this case, there was no basis for the Postal Service to have known that the plaintiff might be substantially limited in a

major life activity or that he might require reasonable accommodation.  After his injury on-the-job, according to Plaintiff, he continued to work seven days per week and more than sixty hours per week.  Plaintiff admits that he did not advise his supervisors of any continuing impairment, nor did he ask for additional time or assistance to complete his route.  EXHIBIT C.  Plaintiff's failure to request reasonable accommodation is fatal to his claim.

### IV. CONCLUSION

For the reasons set forth in this memorandum, the Defendant respectfully requests that this Court dismiss all of the Plaintiff's claims and enter judgment for the Defendant.

```
                            Respectfully submitted,

                            KEVIN J. O'CONNOR
                            UNITED STATES ATTORNEY



                            CAROLYN A. IKARI
                            ASSISTANT U.S. ATTORNEY
                            450 Main Street, Room 328
                            Hartford, Connecticut  06103
                            (860) 947-1101
                            Federal Bar No. ct13437
```

Of Counsel:

Joseph P. Sassi
Attorney
United States Postal Service
8 Griffin Road North
Windsor, Connecticut 06006-0170

## CERTIFICATION OF SERVICE

    I hereby certify that a copy of the within and foregoing has been mailed, postage prepaid, via first-class mail, this 24th day of November, 2003, to:

Isaac L. Smith
40 Sycaway Street
West Haven, Connecticut  06516


_____
CAROLYN A. IKARI
ASSISTANT UNITED STATES ATTORNEY