UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
ISAAC L. SMITH,                      :
            Plaintiff,               :   CIVIL NO. 3:03CV00471(DJS)
       v.                            :
JOHN E. POTTER, POSTMASTER
GENERAL OF THE UNITED STATES,        :
            Defendant.               :   FEBRUARY 25, 2004
```

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

Pursuant to Rule 7(a), D. Conn. L. Civ. R., Defendant Postmaster General respectfully submits this memorandum in opposition to Plaintiff's Motion For Extension Of Time, filed February 23, 2004 **[docket no. 24]**. (The caption of the motion mistakenly refers to expert reports.) The Motion should be denied because Plaintiff has not offered any justification for granting an extension beyond the 67 additional days he has already enjoyed.

Defendant filed a motion for judgment on the pleadings on November 24, 2003. Plaintiff, who is proceeding pro se, never responded, despite the express warning from the Court contained in the "Notice To Counsel and Pro Se Parties," ¶ 3, which was handed to Plaintiff when he commenced this action. (Copy attached.) Moreover, the Defendant himself delivered the same warning in his "Notice To Pro Se Plaintiff," which he filed with his dispositive motion. See Docket no. 16. By Notice dated

January 26, 2004, this Court gave Plaintiff a second chance. [Docket no. 21] The Notice provided that if Plaintiff did not file his opposition by February 23, 2004, the motion may be granted and the complaint dismissed. On the due date, Plaintiff filed the motion at issue, asking for an extension to March 3, 2004, to submit his opposition.

The Plaintiff has failed to show that he is deserving of a third chance. In fact, he has presented no explanation or excuse for failing to meet the Court's deadline, which provided a generous 67-day extension to begin with.

Rule 6(b), Fed. R. Civ. P., permits enlargements of this sort for "cause shown." The local rule requires "good cause," and defines "good cause" as "a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." D. Conn. L. Civ. R. 7(b)2. Plaintiff did not even bother trying to meet this standard, and the motion should be denied. The motion offers no statement of why the 67 additional days was not sufficient or how, in that interval, Plaintiff has exerted the required diligence in meeting the deadline.

For the foregoing reasons, Plaintiff's motion for extension should be denied. Furthermore, as a result, the Court should either (1) grant the defendant's motion for judgment on the pleadings in absence of opposition or (2) proceed to rule on the

merits of the motion and in turn grant the Defendant's motion for judgment on the pleadings.

                              Respectfully submitted,

                              KEVIN J. O'CONNOR
                              UNITED STATES ATTORNEY

                              CAROLYN A. IKARI
                              ASSISTANT UNITED STATES ATTORNEY
                              450 Main Street, Room 328
                              Hartford, Connecticut  06103
                              (860) 947-1101
                              Federal Bar No. ct13437

**CERTIFICATION OF SERVICE**

    I hereby certify that a copy of the within and foregoing has been mailed, postage prepaid, via first-class mail, this 25th day of February, 2004, to:

Isaac L. Smith
40 Sycaway Street
West Haven, Connecticut  06516

                              _____
                              CAROLYN A. IKARI
                              ASSISTANT UNITED STATES ATTORNEY