UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ISAAC L. SMITH,                    :

        Plaintiff,        :    CIVIL NO. 3:03CV00471(DJS)
    v.
                          :
JOHN E. POTTER, POSTMASTER
GENERAL OF THE UNITED STATES, :

        Defendant.     :    MARCH 12, 2004

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S RULE 37(d)
MOTION FOR SANCTIONS AND RULE 37(a) MOTION TO COMPEL DEPOSITION**

Pursuant to Rule 7 of the Local Rules of Civil Procedure, Defendant respectfully submits this memorandum of law in support of his motion for sanctions and motion to compel deposition. This suit is a Title VII federal employment discrimination action arising out of Plaintiff's former employment with the United States Postal Service. Sanctions are appropriate because Plaintiff refuses to be deposed.

**I.   BACKGROUND**

The relevant facts are set forth in the attached Declaration of Carolyn A. Ikari and Attachments A - F and are incorporated by reference.

Discovery closes March 15, 2004. The defendant noticed plaintiff's rescheduled deposition for March 12, 2004. **Declaration, Attachment C.** Plaintiff, who is proceeding pro se, is refusing to attend. On the eve of the deposition, Plaintiff filed a pleading that suggests he is refusing to be deposed

because he believes he is entitled to the questions in writing beforehand. **Declaration, Attachment E.** Defendant's eleventh-hour objection was lodged too late to cancel the court reporter, who has billed the defendant $149.00. **Declaration, Attachment F.**

II. **ARGUMENT**

    A. **Standard of Review**

The decision whether to sanction discovery misconduct by dismissal or default lies within the discretion of the court. Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 852 (2d Cir. 1995).

    B. **Rule 37(d)**

Failure to attend and testify at deposition may be sanctioned by a range of remedies, including establishment of facts in the record, preclusion of argument or opposition, striking pleadings or a stay of proceedings. Rule 37(d), Fed. R. Civ. P., incorporating the sanctions set forth in Rule 37(b)(2)(A), (B), and (C). Dismissal is also available in those "extreme" situations characterized by willfulness, bad faith, or fault. Mercado v. Division of N.Y. State Police, 989 F. Supp. 521, 524 (S.D.N.Y. 1998); Fed. R. Civ. P. 37(b)(2)(C).

Plaintiff has engaged in a pattern of failing to cooperate in the Defendant's legitimate conduct of discovery. His most recent last-minute attempt to evade deposition is highly suspect and suggests that he is not merely stumbling in the absence of

counsel but rather seeking to avoid giving testimony using any excuse possible, real or manufactured.

To date, Plaintiff has failed to cooperate in the following ways:

(1)  Plaintiff failed to respond or cooperate in formulating a Case Management Plan. Ikari Decl., ¶ 2. As a result, Defendant unilaterally filed his own Form 26(f).

(2)  Four days before his deposition was originally to be held, Plaintiff filed a pleading reciting that a "family emergency" will take him out of the state "for several weeks." Ikari Decl., Attachment B. Plaintiff did not telephone or attempt to communicate with Defendant beforehand. Defendant was forced to seek an extension of discovery as a result.

(3)  Despite his explicit promise to contact the defendant to reschedule his deposition, Plaintiff failed to do so. Ikari Decl., ¶ 5.

(4)  Plaintiff failed to return repeated phone calls placed by Defendant in an effort to schedule the deposition for a mutually-agreeable date. Ikari Decl., ¶ 5.

(5)  Plaintiff waited over 60 days after receiving his original Notice of Deposition and at least 11 days after receiving the Amended Notice to lodge an objection to being deposed. Ikari Decl., ¶¶ 3, 6-7.

-3-

(6)  Plaintiff has waited until two business days before the
close of discovery to announce that he will not be deposed
until he can see the questions in writing beforehand and
that he will not be deposed until he is "ready."  Ikari
Decl., ¶ 8 and Attachment E.  This last-minute pleading,
Attachment E, makes an entirely frivolous argument that Rule
26(a)(4) entitles Plaintiff to see the deposition questions
in writing in advance.   Rule 26(a) concerns initial
disclosures[1] and is completely inapplicable to depositions.

It is clear from the record that Plaintiff's machinations
are not a misguided attempt to represent himself but are merely
obstructive.  Sanctions are appropriate.  See, e.g., Mercado at
524.

Expenses.  Rule 37(d) provides for the payment of expenses
by the recalcitrant party unless the failure was "substantially
justified" or such an order would be unjust.  Defendant seeks
reimbursement of the reasonable expenses caused by Plaintiff's
failure, the court reporter fee, totaling $149.00, as a sanction.
Ikari Decl., ¶ 10 and Attachment F.[2]  Defendant respectfully

---

[1]  Defendant notes that he served his Rule 26 initial
disclosures on Plaintiff on May 30, 2003.  Plaintiff is in
violation of Rule 26(a), never having served any disclosures on
Defendant.

[2]  Defendant notes that while Plaintiff is pro se, his is
not proceeding in forma pauperis, his motion for IFP status
having been denied on March 13, 2003 by Magistrate Judge
Margolis.

requests entry of an order directing Plaintiff to pay $149.00 to the Office of the U.S. Attorney with a date certain deadline of 10 days after entry of the order.

    C. **Order Compelling Attendance and Testimony at Deposition**.

Rule 37(a) provides that a Court may order compliance when discovery has been wrongfully withheld.  That is certainly the case here.  However, discovery is about to close and compelling Plaintiff to submit to deposition will require a third discovery extension in this case.  Defendant wishes to minimize, not multiply this litigation.

To that end, in light of Defendant's pending Rule 12(c) Motion For Judgment On The Pleadings, Defendant proposes that the Court order the following:  In the event that the motion is denied, either in whole or in part, the Plaintiff shall appear and testify at his deposition within 30 days of the denial of the motion.  Defendant also requests that the Court reject any past or further attempts by Plaintiff to put conditions on his deposition and warn the plaintiff that failure to cooperate in discovery, including attending and giving complete and truthful testimony at deposition, may be grounds for dismissal or other sanction.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion should be granted and the Court should order the following:

GRANT Defendant's motion for sanctions and ORDER Plaintiff to pay the amount of $149.00 to the Office of the U.S. Attorney, within 10 days of the Order;

GRANT Defendant's motion to compel and ORDER Plaintiff to cooperate in discovery and to appear and testify at deposition within 60 days of the denial of the motion for judgment on the pleadings, if that motion is denied;

DENY Plaintiff's request that he be given the deposition questions in advance; and

ORDER notice to the plaintiff that further misconduct may subject him to further sanctions, up to and including dismissal of the case with prejudice.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


CAROLYN A. IKARI
ASSISTANT U.S. ATTORNEY
450 Main Street
Hartford, Connecticut  06103
(860) 947-1101
Fed. Bar No. ct13437

-6-

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that a copy of the within and foregoing has been mailed, postage prepaid, via first-class mail, this 12th day of March, 2004, to:

Isaac L. Smith
40 Sycaway Street
West Haven, Connecticut  06516

_____
CAROLYN A. IKARI