UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ISAAC L. SMITH,                    :

            Plaintiff,    :    CIVIL NO. 3:03CV00471(DJS)
      v.
                                   :

JOHN E. POTTER, POSTMASTER
GENERAL OF THE UNITED STATES, :

            Defendant.     :

### DECLARATION OF CAROLYN A. IKARI

Pursuant to 28 U.S.C. §1746, I, Carolyn A. Ikari, being duly deposed and sworn, state as follows:

1.   I am over the age of 18 and understand the obligations of an oath.

2.   I am an Assistant United States Attorney in the District of Connecticut.  I represent the defendant in this action.  At the start of this litigation, Plaintiff, who is proceeding pro se, failed to cooperate in preparing a proposed Case Management Plan.  See introductory recitations in Defendant's Form 26(f) Report, docket no. 9, at 1.

3.   Plaintiff's deposition was originally to take place on January 12, 2004.  **Notice of Deposition, Attachment A.**  It was rescheduled at Plaintiff's request.  **Plaintiff's Response To Defendant's Notice of Deposition, Attachment B.**  Defendant had to seek an extension of discovery in order to accommodate Plaintiff's unavailability.  See Defendant's Motion, docket no.

22.

4.    Discovery closes on March 15, 2003.

5.    In Attachment B, the Plaintiff promised that he would contact Defendant by February 13, 2004 to schedule his deposition.  He did not do so.  Defendant has since placed repeated telephone calls to Plaintiff requesting a deposition date, but Plaintiff did not respond.

6.    On February 27, 2004, Defendant noticed Plaintiff's rescheduled deposition for Friday, March 12, 2003.  **Amended Notice of Deposition, Attachment C.**  Defendant received the signed return receipt on March 2, 2004, which means that Plaintiff had received the Amended Notice some time before March 2.  **Signed Postal Service Receipt, Attachment D.**

7.    On the eve of the deposition, which was 11 days after receiving the Amended Notice of Deposition, Plaintiff hand-delivered a copy of **Plaintiff's Request For Defendant To Disclouse In Writing The Questions And Scope Of Questions And Or Submit Interrogatories Prior To Scheduling Deposition, Attachment E,** to the receptionist's window of my office.  I immediately telephoned Plaintiff and left him a message that he had to appear for and testify at his deposition.  I explained that the reasons in his pleading were not adequate under the Federal Rules to justify not coming to the deposition.

8.    Plaintiff left me a voice mail in response which I did

-2-

not receive until the morning of the deposition.  Plaintiff said that he will not attend the deposition.  He claimed he had filed a pleading about this in January and would let me know when he is ready.

9.   I immediately telephoned Plaintiff and left a message on his answering machine.  Again I explained that he had to come for his deposition, particularly in light of the expiration of the discovery period on Monday, and that his reasons for canceling were not sufficient.  I also relayed my intention to seek the costs of the court reporter and sanctions.

10.  Plaintiff did not appear, notwithstanding proper notice and the messages left for Plaintiff.  The Government incurred $149.00 in court reporter costs in conjunction with the attempted deposition.  **Invoice, Attachment F**.  The Government did not incur substantial paid attorney time in preparation, since the deposition is to be taken by a law intern.

11.  The defendant cannot adequately prepare the defense of this case without deposing the plaintiff.

12.  I have tried to contact Mr. Smith by telephone both yesterday afternoon and this morning to discuss this issue in a good faith effort to resolve this problem without the intervention of the Court.  Mr. Smith was not there and I left messages on his answering machine.  The one message he left me stated that he would not attend his deposition and would let me

-3-

know when he was ready.

I declare under penalty of perjury that the foregoing is true and correct.


Executed _____                    _____
                                            CAROLYN A. IKARI
                                            ASSISTANT U.S. ATTORNEY