UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ISAAC L. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, POSTMASTER<br>GENERAL OF THE UNITED STATES,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:  No. 3:03CV471(DJS)<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM OF DECISION

Plaintiff Isaac Smith ("Smith"), a former probationary letter carrier for the United States Postal Service, brings this action against the defendant John Potter ("Postal Service"), Postmaster General of the United States, based on the Rehabilitation Act of 1972, 29 U.S.C. §§ 701 et. seq. Potter has filed a motion for judgment on the pleadings, or in the alternative, motion for summary judgment (dkt. # 15). Because the court has considered evidence beyond the pleadings, the court rules only on the motion for summary judgment, which, for the reasons set forth herein, is **GRANTED**.

### I. FACTS

This lawsuit arises from Smith's allegation that the Postal Service discriminated against him on the basis of a disability when it terminated him from his position as a probationary letter carrier. On December 22, 2000, Smith was injured when he slipped and hit his left knee on a step while working at the Stratford, Connecticut Post Office. (See Dkt. #15, Ex. G). At the time of his injury, he sent a note to management that he did not require medical attention for the incident. (See id., Ex. E). Nevertheless, he later went to Industrial Health Center in Stratford for an examination. (See id., Ex. F). The attending physician diagnosed the injury as a knee

contusion and suggested that Smith put ice on his knee and take some Motrin. (See id.). The physician wrote in the report that Smith was allowed to "return to work, no limitations on 12/23/00." (See id.). On December 23, 2000, Smith was seen by a United States Department of Labor physician. (See id., Ex. G). In his report, the physician indicated that Smith would be able to perform his regular work full-time. (See id.). Smith had also been on notice for over a month that his performance was in need of improvement. (See id., Ex. D, Attach. A at 2).

On January 2, 2001, Smith was terminated from his position as a probationary Part-Time Flexible City Carrier. (See Dkt. #15, Ex. B.; Ex. D, Attach. A at 2). On March 8, 2001, Smith filed an EEO Complaint of Discrimination in the Postal Service alleging disability discrimination. (See id., Ex. B). He sought compensation for lost wages, benefits and reinstatement of position at a different location. (See id.).

In a statement given by Smith in his EEO Investigative Affidavit on May 19, 2001, Smith stated that he suffered a knee impairment that affected him while walking and bending and caused him pain and fatigue. (See id., Ex. C). He further stated that his injury did not affect his ability to perform his duties as a carrier, and that he did not request reasonable accommodations. (See id.).

On August 21, 2002, the Equal Employment Opportunity Commission published its decision on Smith's complaint. Administrative Law Judge Clark ruled that a hearing was not necessary and that Smith failed to establish a prima facie case of discrimination. (See id., Ex. D at 1, 4). The Postal Service implemented the decision on December 11, 2002. (See id.).

## II. DISCUSSION

Smith brings this action pursuant to the Rehabilitation Act of 1972 ("the Act"). He claims that he was terminated in violation of the Act because of a disability.[1] The Postal Service argues that (1) Smith's admission that his knee injury was temporary means that he is not "disabled" within the meaning of the Rehabilitation Act; and (2) since Smith did not make a request for reasonable accommodation, he cannot claim that the USPS did not accommodate his disability.

### A. STANDARD

A motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if, after discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The burden is on the moving party 'to demonstrate the absence of any material factual issue genuinely in dispute.'" American Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981) (quoting Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975)). A dispute concerning a material fact is genuine "'if evidence is such

---

[1] Plaintiff also argues in his opposition papers that the Postal Service's disparate treatment of union and non-union workers violates the equal protection guarantees of the Fifth Amendment. Because the issue before the court, as set forth in the complaint, is whether the Postal Service discriminated against him on the basis of his disability, and Smith's status as a probationary employee does not affect the protections afforded to him by the Rehabilitation Act, the court will not address this claim.

that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520 (2d Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must view all inferences and ambiguities in a light most favorable to the nonmoving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Id.

## B. DISABILITY QUALIFICATION

Smith claims that he was terminated from his position as a probationary letter carrier in violation of the Rehabilitation Act of 1972 because of an on-the-job knee injury. The Postal Service counters that Smith was terminated because of substandard work performance during his probationary period. In order to establish a prima facie case against the Postal Service for discrimination under the Act, Smith must show: (1) he is an individual with a disability; (2) he is otherwise qualified to perform his duties with or without reasonable accommodation; (3) he has suffered an adverse employment action because of his handicap; and (4) the employer is subject to the statute. Lajeunnesse v. Great Atl. & Pac. Tea Co., Inc., 160 F. Supp. 2d 324, 330 (D. Conn. 2001).

The first element Smith must prove is that he is an "individual with a disability." Joyce v. Suffolk County, 911 F.Supp. 92, 94 (E.D.N.Y.1996). The Act defines "an individual with a disability" as "any individual who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having an impairment." 29 U.S.C. § 706(8)(b). Relevant factors to consider in determining whether an individual is "substantially limited in a major life activity"

include: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact of or resulting from the impairment. 29 C.F.R. § 1630.2(j)(2).

The pro se plaintiff does not allege that he has a record of his impairment or that he was regarded as having an impairment. Therefore, the issue before the court is whether Smith's impairment "substantially limits" one or more of his "major life activities" so as to qualify as a disability. Major life activities are defined as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1613.702(c); 29 C.F.R. § 1614.203(a)(3). Smith has not specifically stated in his complaint which major life activity has been limited by his injury; however, the court determines that since this is a disability discrimination case brought under the Rehabilitation Act, the relevant major life activity is working. See Ayn v. Runyon, 984 F. Supp. 80, 83 (1996), aff'd, 131 F.3d 130 (2d. Cir. 1997); Redlich v. Albany Law School of Union Univ., 889 F. Supp. 100, 106 (N.D.N.Y. 1995).

The Postal Service first argues that the temporary nature of Smith's injury is by itself sufficient to disqualify his impairment as a "disability." The court agrees. To support its claim, the Postal Service cites Smith's statement in his EEO Investigative Affidavit that "[t]his condition was temporary." (Dkt. #15, Ex. C). Temporary injuries, without substantial limitations and permanent effects, do not warrant protection. See, e.g., Stronkowski v. St. Vincent's Med. Ctr., No. 3:94CV2175(AHN), 1996 WL 684407, at * 7 (D. Conn. Aug. 1, 1996) (holding that employee with temporary back injury, which required her to work part-time and undergo physical

therapy, did not substantially limit her major life activity under the ADA)[2]; McCottry v. Runyon, 949 F. Supp. 527 (N.D. Ohio 1996) (holding that postal employee's broken leg, that resolved itself and showed no lingering disability, did not substantially limit major life activity as a matter of law). Smith has not brought forth any evidence to show that his injury persisted or was permanent in nature. Specifically, he has not introduced subsequent medical reports to show that he is still suffering from the impairment or any other evidence regarding the severity, duration or permanence of his condition indicating that his ability to work is substantially limited. See McCottry, 949 F. Supp. at 530. Therefore, Smith has failed to make a sufficient showing that he is an "individual with a disability."

Even if the temporary nature of Smith's impairment was not dispositive, his impairment would still not qualify as a disability. In this case, Smith's impairment is a knee contusion that caused swelling and pain. There is no evidence that Smith's ability to work was substantially limited by the knee contusion. The doctor's report from Industrial Health Care (IHC) on December 23, 2000 indicated that the injury did not place any limitations on Smith's ability to work. (See Dkt. #15, Ex. F). The report allowed for Smith to "[r]eturn to work, no limitations on 12.23.00." (Id.). Smith was allowed to return to full-time regular work and was able to lift or carry 70 pounds and perform his duties – including walking, standing, kneeling for eight hours per day. (See id., Ex. G). While Smith believes that working through his breaks to make up for lost time is evidence to the limit on his ability to work, such a limitation does not rise to the level of a *substantial* limitation. Moreover, in his EEO Investigative Affidavit, Smith stated, "this

---

[2] ADA claims are to be adjudicated in a manner consistent with relevant decisions interpreting the Rehabilitation Act. Venclauskas v. Conn. Dept. of Public Safety Div. of State Police, 921 F. Supp. 78, 81 n.1 (D. Conn. 1995).

-6-

disability did not affect my ability to perform the duties of a carrier." (Id., Ex. C). At the time Smith was suffering from his impairment, he continued to work seven days per week and more than 60 hours per week. (Id.). The court acknowledges that Smith did suffer from discomfort because of his injury; however, Smith has not brought forth any evidence to establish that this discomfort substantially limited his ability to perform the duties of a letter carrier.

Further, the inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. See 29 C.F.R. § 1630.2(j)(3)(i); Jasany v. United States Postal Service, 755 F.2d 1244, 1248 (6th Cir. 1985); Joyce v. Suffolk County, 911 F. Supp. at 95 (holding that an impairment must "substantially limit employment generally" to constitute a substantial limitation); Ayn v. Runyon, 984 F. Supp. at 84. In Ayn, the court held that an individual whose knee injury disqualified her from certain positions was not an "individual with a disability." Ayn, 984 F. Supp. at 83. In that case, the plaintiff's medical restrictions rendered her physically unable to fulfill her duties as a mail carrier. She was only unable to perform duties that required prolonged standing or a significant amount of physical activity. Therefore, her physical condition did not limit her employment generally. In this case, Smith claims that his impairment limited his ability to efficiently make deliveries on the various delivery routes. He does not assert that he was unable to obtain other types of employment. Unlike the plaintiff in Ayn, Smith had no medical restrictions on his duties and was in no way limited in his present employment or in his ability to obtain alternate employment. In fact, Smith was able to secure employment with a tax service until April of 2003. Smith's ability to work was not generally limited, and therefore his injury does not constitute a substantial limitation on a major life activity.

## C. REASONABLE ACCOMMODATION

The Postal Service claims that because Smith did not ask for reasonable accommodation there was no cognizable claim for disability discrimination. A qualified disabled person is one "who, with or without reasonable accommodation, can perform the essential functions of the position in question." 29 C.F.R. § 1613.702(f). Because Smith does not have a "disability" within the meaning of the Rehabilitation Act, the Postal Service had no duty to accommodate Smith's impairment.

## III. CONCLUSION

For the reasons stated herein, defendant's motion for summary judgment (dkt. #15) is **GRANTED**. Judgment shall enter for the defendant. The Clerk of the Court shall close this file.

**IT IS SO ORDERED** at Hartford, Connecticut, this 30th day of July, 2004.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE